NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ROUSER, | No. 21-15037 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00550-DAD-GSA |
| v. | |
| D. CROUNSE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

William Rouser appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with

prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim under 28 U.S.C.

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Rouser's action because Rouser failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right . . . [under § 1983 ], if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." (citation and internal quotation marks omitted)).

21-15037

Rouser's motions for appointment of counsel (Docket Entry Nos. 4 and 5) are denied.

**AFFIRMED.**